UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Cheri Marie Todd,                                    Case No. 3:17-cv-1500

        Plaintiff

    v.                                                   MEMORANDUM OPINION

Commissioner of Social Security,

        Defendant

## I.    INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge James R. Knepp, II. (Doc. No. 17). Judge Knepp recommends I affirm the final decision of Defendant Commissioner of Social Security, denying Plaintiff Cheri Marie Todd's application for Supplemental Social Security Income. (*Id.*). Todd filed objections to Judge Knepp's R & R, (Doc. No. 18), to which the Commissioner responded, (Doc. No. 19).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Todd, I hereby incorporate and adopt, in full, the "Procedural Background" and "Factual Background" set forth in the R & R. (Doc. No. 17 at 1-11).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrates Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### IV. DISCUSSION

In this case, Todd's objections relate to the ALJ's treatment of Dr. Obri's opinion as Todd's treating physician. Specifically, Todd alleges the ALJ erred in concluding Dr. Obri's opinion: (1) limiting Todd to less than sedentary work; (2) that she would require breaks; and (3) that she had significant limitations with the use of her hands and arms, was not supported by objective evidence in the record.

As she argued in her initial brief, Todd claims the ALJ erred in finding: (1) she had not received significant treatment for hand pain; (2) she had received only conservative treatment for back pain; and (3) Dr. Obri's treatment was limited to providing medication refills. (Doc. No. 13 at 19-21; Doc. No. 18 at 3-6). Judge Knepp previously reviewed these same arguments. (Doc. No. 17 at 15-18). Although Judge Knepp found the ALJ's characterization of the treatment relationship as

2

simply refilling medications was inartfully-worded, he ultimately concluded the ALJ's decision not to give controlling weight to Dr. Obri's opinion was supported by substantial evidence. (*Id.*).

Todd does not object to any specific findings by Judge Knepp, but simply "disagrees" with his conclusion. (Doc. No. 18). In fact, some of her objections have simply been copied verbatim from her merits brief. (*Compare* Doc. No. 13 at 19-20 *with* Doc. No. 18 at 5-6). Because Todd did not "specifically [ ] address the findings of the magistrate," but instead merely disagreed with his conclusions, her objections do not amount to a legitimate appeal of the R & R. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also, e.g., Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an objection for the purposes of this review.").

Even considering the merits of Todd's objections independently, my conclusions would be the same as Judge Knepp's. First, although Todd asserts Dr. Obri's records indicate Todd had carpal tunnel syndrome, this is not contrary to the ALJ's finding that Todd was not receiving significant *treatment* for hand pain. Second, the ALJ's conclusion that Todd had received only conservative back treatment is supported by the "intermittent and brief chiropractic treatment."[1] And third, Dr. Obri's *treatment* consisted predominantly, but not *exclusively*, of refilling medications, in addition to ordering imaging and recommending lifestyle changes.

Ultimately, over Todd's objections, I agree with Judge Knepp. The ALJ's decision to give Dr. Obri's opinion less than controlling weight is supported by substantial evidence.

---

[1] Todd asserts that Dr. Obri's opinion should not have been rejected for limited treatment of back pain alone because "Dr. Obri did not base his opinion on back pain alone, but rather the constellation of problems Plaintiff has." (Doc. No. 18 at 4). But as evident by the fact that Todd objects to multiple bases cited by the ALJ for declining to give Dr. Obri's opinion limited weight, the ALJ did not reject Dr. Obri's opinion for the limited treatment for back pain alone. In fact, even in spite of the finding the Todd had received only limited treatment for back pain, the ALJ found Todd had the severe impairment of degenerative disc disease.

## V.    Conclusion

For the foregoing reasons, Todd's objections are overruled, and Judge Knepp's R & R is adopted, in full.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge